IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| IN RE: ) | |
| ) | Case Nos. 24-12500; 24-12506; 24-12504 |
| WARFIELD HISTORIC ) | 24-12508; 24-12511 |
| PROPERTIES, LLC, *et al.*, ) | |
| ) | (Jointly Administered Under |
| Debtors. ) | Case No. 24-12500) |
| ) | Chapter 11 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEBTORS' MOTION FOR AN ORDER
### APPROVING AND AUTHORIZING REJECTION
### OF REVERSION AGREEMENT

Warfield Historic Properties, LLC and Warfield Historic Quad, LLC (collectively, the "Debtors"), by and through their undersigned counsel, hereby move, pursuant to 11 U.S.C. § 365 and Federal Rule of Bankruptcy Procedure 6006, for entry of an Order Approving and Authorizing the Rejection of the Reversion Agreement with The Town of Sykesville (the "Agreement") attached hereto as Exhibit A and in support thereof state:

### Background

1. On March 26, 2024 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a), 1108 and 1184 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's case and this matter is proper under 28 U.S.C. §§1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are sections 365 and 105 of the Bankruptcy Code, as supplemented by Rule 6006 of the Federal Rules of Bankruptcy Procedure.

4. The Debtors have their principal place of business located at One Research Court, Suite 450, Rockville, MD 20850.

5. The Debtors own certain real property with structures known as Parcel D: Bldg. A (Unit 1), Bldg. B (Unit 2), Bldg. C (Unit 3), Bldg. D (Unit 5), Bldg. E (Unit 6), Bldg. L (Unit 4), Root Cellar (Unit 7), Engine House (Unit 8), Bldg. F (Unit 12), Dining Hall (Unit 13), Bldg W (Unit 14), & Future Phase and Parcels D-1 & G. All of the aforementioned parcels and structures are part of the 63 +/- acres including vacant parcels and 14 historic structures (collectively the "Properties") that the Debtors (all of the jointly administered debtors) own and operate in the Town of Sykesville.

## The Reversion Agreement

6. In connection with the acquisition of the Properties, the Debtors entered into the Agreement pursuant to which both the Debtors and The Town of Sykesville have material continuing obligations.

## Requested Relief

7. By this motion, the Debtors request authority, pursuant to 11 U.S.C. § 365(a) to reject the Agreement.

## Grounds for Requested Relief

8. Section 365(a) of the Bankruptcy Code is the statutory predicate with respect to a debtor's request to reject executory contracts and unexpired leases. Section 365(a) of the Bankruptcy Code provides, in pertinent part, "(a)...the trustee, subject to the court's approval,

may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The right of a debtor to reject executory contracts and unexpired leases is fundamental to the bankruptcy system because it provides a mechanism through which financial burdens may be lifted while the debtor attempts to reorganize. Courts uniformly defer to the business judgment of the debtor to determine whether rejection of an unexpired lease under § 365(a) is warranted. *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985). *See also In re Parking Management*, 620 B.R. 544, 553-54 (Bankr. D. Md. 2020) (debtor's decision to reject executory contract should be afforded deference mandated by sound business judgment rule) (citation omitted); *In re Byung Mook Cho*, 581 B.R. 452, 456 (Bankr. D. Md. 2018) (debtor's decision to reject executory contract is subject to business judgment standard). Under the business judgment rule, the court's role is not to substitute its business judgment and the court should refuse to grant the debtor's request only in extremely limited circumstances or the proposed transaction falls below the lowest point in the range of reasonableness.

9. The Debtors believe the Agreement is burdensome and is of no benefit to the Debtors' estates or their creditors. After careful analysis, and in the exercise of their business judgment, the Debtors have determined and respectfully submit that rejection of the Agreement is in the best interest of the bankruptcy estates, and their creditors.

10. The Debtors shall rely upon this Motion and no additional memorandum shall be filed.

**Conclusion**

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order authorizing and approving the rejection of the Agreement and granting such other relief as is just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By:  /s/ Michael J. Lichtenstein
Michael J. Lichtenstein (Bar No. 05604)
Benjamin P. Smith (Bar No. 17680)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:   (301) 230-5231 (Lichtenstein)
           (301) 230-5241 (Smith)
FAX:   (301) 230-2891
Email:  mjl@shulmanrogers.com
            bsmith@shulmanrogers.com

*Attorneys for Debtors*