IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WARFIELD HISTORIC PROPERTIES, LLC | ) | **Chapter 11 Case No. 24-12500** |
| WARFIELD CENTER, LLC | ) | **Chapter 11 Case No. 24-12504** |
| WARFIELD HISTORIC QUAD, LLC | ) | **Chapter 11 Case No. 24-12506** |
| WARFIELD PROPERTIES LLC | ) | **Chapter 11 Case No. 24-12508** |
| WARFIELD RESTORATIONS, LLC | ) | **Chapter 11 Case No. 24-12511** |
| | ) | **(Jointly Administered Under** |
| Debtors. | ) | **Chapter 11 Case No. 24-12500)** |

**MOTION FOR ORDER APPROVING SALE OF
REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) and (f)**
(Re: Property Known and identified by Parcel ID No. 05-147492)

Debtor, Warfield Center, LLC ("Debtor") hereby moves this Honorable Court for an Order pursuant to Sections 363(b) and 363(f) of the United States Bankruptcy Code (the "Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure 2002(a)(2), 2002(c), 6004(a), 6004(c) and 9014, authorizing Debtor to sell real property known and identified by Parcel ID No. 05-147492 (the "Property") under a certain Contract of Sale, dated April 1, 2024 (the "Contract"), to Warfield Senior Housing GP, LLC ("Purchaser"), free and clear of liens, claims, interests and encumbrances, and in support thereof respectfully states as follows:

**Introduction**

1. On March 26, 2024 (the "Petition Date"), Debtor commenced its reorganization case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. No official committee, trustee, or examiner has been appointed in these above captioned cases.

1

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. On March 27, 2024, the Court entered an Order Providing for Joint Administration of Cases in relationship to the above captioned cases.

## Description of the Debtors and Their Operations

5. Debtor is a Maryland limited liability company with business operations in Maryland. Debtor, combined with the debtors in these jointly consolidated cases ("Debtors"), apply their extensive experience in property planning and development to acquire, sell, develop, restore, lease, repurpose and revitalize real estate. Debtors' reputations and business operations have resulted in the comprehensive planning of mixed use real estate involving residential, office, and industrial spaces.

6. The Debtors own and operate 63 +/- acres, including vacant parcels and 14 historic structures in the Town of Sykesville.

## The Property

7. The Debtor is the fee simple absolute sole owner of the Property. The Property is a 3.42 acre parcel of unimproved land with significant frontage on Maryland Route 32.

8. The Debtor has scheduled the value of the Property at along with another parcel with a total value of $8,800,000.00. Debtor's determination of value is based upon years of pre-petition marketing efforts, information obtained online, a review of other commercial listings and feedback from various brokers. It is anticipated that the portion of the Property's will exceed half of this value in the hands of the Purchaser, hence the price for the Property in the Contract.

9. Debtor has found an interested purchaser for the Property for the price of

$5,250,000.00, contingent on the Court's approval of the sale of the Property.

## Lien Encumbering the Property

10.    The Town of Sykesville ("Sykesville") is the holder of a Purchase Money Deed of Trust, Assignment and Security Instrument on the Property in the original principal amount of $1,000,000.00 dated June 26, 2018, and recorded in Book 9054, at Page 118, among the land records of Carroll County, Maryland (the "Deed of Trust").

## Relief Sought

11.    In this Motion, Debtor requests that the Court enter an Order authorizing the Debtor to sell the Property to the Purchaser pursuant to 11 U.S.C. § 363(b)(1) and free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f) and the terms of the Contract, attached hereto as **Exhibit 1**, with the lien of Sykesville to attach to the proceeds of the sale. The remaining proceeds after the satisfaction of lien of the Deed of Trust and closing costs will be paid to the Debtor. The Debtor also seeks relief from the stay of Fed. R. Bankr. P. 6004(h).

## Summary of Contract Terms and Provisions

12.    The Purchaser is an independent third party and is not related to any of the Debtors, or any of their principals or officers.

13.    The contract price as set forth in the Contract is $5,250,000.00 for the purchase of the Property.

14.    Pursuant to the Contract, the Purchaser shall deposit $100,000.00 within ten days of the Court's approval of the Contract, with an additional deposit to follow in the amount of an additional $100,000.00, within ten business days of certain conditional use approval as more fully stated in the Contract. Such deposits are to be held by the escrow agent, Crown Title

Corporation, Alex Laperouse, Esq.

15. The Contract states that it is subject to Bankruptcy Court approval. The parties have agreed to close by no later than the later to occur of (a) forty-five days from the Entitlement Period Expiration Date (as defined in the Contract) and (b) twenty-three months and fifteen days after the entry of this Court's Order approving the Contract and the sale contemplated in this Motion and the Contract. If, however, Bankruptcy Court approval is not obtained within ninety (90) days of the filing of this Motion, then Debtor and Purchaser shall have the right to terminate the Contract.

16. Debtor and Purchaser have agreed that neither party is represented by a broker and the Contract does not provide for the payment of commissions to brokers as part of the sale to occur pursuant to the Contract.

17. The Contract provides that water and sewer charges, real estate taxes, general and special taxes and/or assessments shall be apportioned between the parties as of the date of settlement. All state and county recordation and transfer taxes in connection with the sale and purchase of the Property shall be divided equally between the Purchaser and the Debtor. Debtor shall be responsible for any excise tax, if any. All other costs and expenses shall be at the cost of the Purchaser.

## **Sale Free and Clear**

18. Debtor believes that the sale of the Property is in the best interest of its estate. The Property is being sold at fair market value and pursuant to an arm's length transaction. The sale will satisfy in full the sole lien recorded against the Property described hereinbefore and will terminate the monthly expenses of owning the Property by eliminating property taxes and any other carrying costs for the Property. In addition, any net proceeds will assist the Debtor in

funding a plan of reorganization. In addition, because the sales price is "greater than the aggregate value of all liens" on the Property, the Property may be sold free and clear of all liens, claims and encumbrances pursuant to Section 363(f)(3) of the Bankruptcy Code. See e.g., In re Collins, 180 B.R. 447 (Bankr. E.D. Va. 1995) (holding that the term "value" should be interpreted within the context of 11 U.S.C. § 506(a) when considering a motion under 11 U.S.C. § 363(f)(3)). Therefore, Debtor submits that the Property can be sold free and clear of liens pursuant to Section 363(b)(1) and (f)(3) of the Bankruptcy Code.

19. The Debtor has filed contemporaneously herewith the Notice of Sale pursuant to 11 U.S.C. § 363(b) of its intent to sell the Property via a private sale, with a hearing date of **May 20, 2024, at 3:33 P.M., in Courtroom 3-D, United States Bankruptcy Court, 6500 Cherrywood Lane, Greenbelt, MD  20770.** The above-mentioned Notice was served via first class mail, postage prepaid and/or electronically through the Court's ECF system to all creditors and interested parties on the Court's official mailing matrix in this case this same day.

20. Debtor shall rely upon this Motion and no additional memorandum shall be filed.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) authorizing the Debtor to sell the Property to the Purchaser, free and clear of liens, claims, interests and encumbrances pursuant to the terms of the Contract; (ii) ordering that Sykesville's lien will attach to the proceeds of the sale (iii) authorizing the distribution of any net proceeds to Debtor; (iv) lifting the stay of Bankruptcy Rule 6004(h); and (iv) granting such other and further relief as is just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By: /s/ Michael J. Lichtenstein
     Michael J. Lichtenstein, Esq. (Bar No. 05604)
     Benjamin P. Smith, Esq. (Bar No. #17680)
     Shulman Rogers, P.A.
     Tel: (301) 230-5231 Lichtenstein
     Tel: (301) 230-5241 Smith
     Fax: (301) 230-2891
     Email: mjl@shulmanrogers.com
     Email: bsmith@shulmanrogers.com

*Attorneys for Debtors*

## CERTIFICATE OF SERVICE

The following parties were served electronically via the Court's CM/ECF system on the 17th day of April, 2024 with copies of the **Motion for Order Approving Sale of Real Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f) (Re: Property Known as Parcel ID No. 05-147492)**, its related **Notice of Motion** and **proposed Order**:

| | |
|---|---|
| Lynn A. Kohen | lynn.a.kohen@usdoj.gov |
| Robert B. Scarlett | RScarlett@ScarlettCroll.com |
| | krynarzewski@scarlettcroll.com |
| | scarlettrr64434@notify.bestcase.com |
| Bradley J. Swallow | bswallow@fblaw.com |
| US Trustee - Greenbelt | USTPRegion04.GB.ECF@USDOJ.GOV |

To the extent that the following persons were not served electronically via CM/ECF system, copies of the **Motion for Order Approving Sale of Real Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f) (Re: Property Known as Parcel ID No. 05-147492)**, its related **Notice of Motion** and **proposed Order** were mailed, postage prepaid, first class mail, this 17th day of April, 2024, to:

20 Largest Unsecured Creditors on the attached List

/s/ Michael J. Lichtenstein
Michael J. Lichtenstein

(46292077.1).doc

| | | |
|---|---|---|
| Absolute Landscape & Turf Services, Inc.<br>4781 Ten Oaks Road<br>Dayton, MD 21036 | Craver, Grothe, and Cox<br>303 West State Street<br>Centerville, OA 52544 | Intelligent Office<br>1 Research Court, Suite 450<br>Rockville, MD 20854 |
| Joseph Greenwald Laake, P.A.<br>6404 Ivy Lane, Suite 400<br>Greenbelt, MD 20770 | Langley Realty Partners LLC<br>7954 Blitz Court<br>Dunn Loring, VA 22027 | Perry, White, Ross and Jacobson<br>54 State Circle<br>Annapolis, MD 21401 |
| Rosen Hoover<br>Sykes Brown, P.A.<br>300 Redland Court, Ste 203<br>Owings Mills, MD 21117 | Sudow Kohlhagen, LLP<br>1000 Maine Avenue SW, Ste 325<br>Washington, DC 20024 | Support Unlimited Inc,<br>212 Braeburn Drive<br>Walkersville, MD 21793 |
| Waldon Studio Architects<br>31 Light Street, Ste 500<br>Baltimore, MD 21202 | Warfield Land Condominium, Inc.<br>c/o HPS Management<br>424 N. Union Avenue<br>Havre De Grace, MD 21078 | Warfield Property Owners Assoc.<br>c/o HPS Management<br>424 N. Union Avenue<br>Havre De Grace, MD 21078 |

6