IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

```
- - - - - - - - - - - - - - x
                           :
In Re:                     :
                           :   Case No. 24-12500
WARFIELD HISTORIC          :
PROPERTIES, LLC.,          :   (Chapter 11)
                           :
         Debtor.           :
                           :
- - - - - - - - - - - - - - x   August 28, 2024

                               Greenbelt, Maryland
```

**VIRTUAL ORAL RULING**


**[44]** Motion to Sell and Notice of Motion filed
by Debtor Warfield Properties, LLC, Jointly Administered
Debtor Warfield Center, LLC, Jointly Administered Debtor
Warfield Historic Quad, LLC, Jointly Administered Debtor
Warfield Properties, LLC, Jointly Administered Debtor Warfield
Restoration, LLC,

**[57]** Objection filed by Creditor The Town of Sykesville,

**[78]** Exhibit/Witness List filed by Creditor
The Town of Sykesville,

**[79]** Exhibit/Witness List filed by Creditor
The Town of Sykesville,

**[82]** Response filed by Debtor Warfield Historic
Properties, LLC,

**[83]** Exhibit/Witness List filed by Debtor Warfield
Historic Properties, LLC, Jointly Administered
Debtor Warfield Center, LLC, Jointly Administered
Debtor Warfield Historic Quad, LLC, Jointly Administered
Debtor Warfield Properties, LLC, Jointly Administered
Debtor Warfield Restoration, LLC,


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**[84]** Exhibit/Witness List filed by Debtor Warfield
Historic Properties, LLC, Jointly Administered
Debtor Warfield Center, LLC, Jointly Administered
Debtor Warfield Historic Quad, LLC, Jointly Administered
Debtor Warfield Properties, LLC, Jointly Administered
Debtor Warfield Restoration, LLC,

**[86]** Objection filed by Creditor The Town of Sykesville.

BEFORE:  THE HONORABLE LORI S. SIMPSON, Judge

APPEARANCES:                    MICHAEL J. LICHTENSTEIN, ESQ.
                                REBEKAH F. PARADIS, ESQ.
                                Schulman Rogers, P.A.
                                12505 Park Potomac Avenue
                                Sixth Floor
                                Potomac, Maryland  20854
                                  On Behalf of the Debtor

                                BRADLEY J. SWALLOW, ESQ.
                                LEE RAUCH, ESQ.
                                ALLISA LAZAN, ESQ.
                                Funk & Bolton, P.A.
                                100 Light Street
                                Suite 1400
                                Baltimore, Maryland  21202
                                  On Behalf of The Town of
                                  Sykesville

Audio Operator:                 Gloria Bellman

Transcription Company:          CompuScribe
                                P.O. Box 789
                                Cheltenham, Maryland  20623
                                (301) 577-5882

1                   P R O C E D I N G S

2         (Whereupon, at 10:02 a.m., the proceeding began.)

3            THE CLERK:  Silence, please, and come to order.  The

4 United States Bankruptcy Court for the District of Maryland is

5 now in session.  The Honorable Lori S. Simpson, presiding over

6 this video conference hearing.

7           On the ten o'clock docket, the case of Warfield

8 Historic Properties, LLC and Warfield Restorations, LLC, case

9 number 24-12500.

10          Counsel, please identify yourself and your client

11 for the record beginning with the Debtor, followed by all

12 other counsel.

13          MR. LICHTENSTEIN:  Good morning, Your Honor.

14 Michael Lichtenstein and Rebekah Paradis for the Debtor.  And

15 we have Roger Conley and Steve McCleaf on the phone, too.

16          THE COURT:  Good morning to all of you.

17          MR. SWALLOW:  Good morning, Your Honor.  Bradley

18 Swallow, counsel for the Town of Sykesville.  My co-counsel,

19 Steve Rauch and Allisa Lazan* are on with us as is mayor,

20 Stacy Link and Joe Cosentini, town manager.

21          THE COURT:  Good morning to all of you.

22          All right, so we are here for the Court's decision.

23 On August 5, 2024, the parties came before the Court for an

24 evidentiary hearing on the Debtor's motion for order approving

25 sale of real property free and clear of all liens, claims,

1  interests, and encumbrances, pursuant to 11 U.S.C. Section

2  363(b) and 363(f), docket number 44.

3      The Town of Sykesville filed an objection at docket

4  number 57 and the Debtor, Warfield Center, LLC, filed a reply

5  at docket number 82.  Following closing arguments on August

6  the 8th, the Court took the matter under advisement.

7      For the reasons that follow, the Court finds and

8  concludes that the motion to sell should be granted.  The

9  following constitutes the Court's findings of fact and

10  conclusions of law in accordance with Federal Rule of Civil

11  Procedure 52 made applicable by Federal Rule of Bankruptcy

12  Procedures 7052 and 9014(c).

13      In the motion to sell, Defendant seeks approval of

14  the sale of the property of the estate free and clear of liens

15  pursuant to Section 363(b) and (f).  Debtor proposes to sell a

16  3.42 acre parcel of unimproved land on Maryland Route 32 in

17  Sykesville, Maryland, which I will refer to as "the property."

18      The sales price if 5,250,000.  The property is among

19  several parcels that Debtor's predecessor in interest

20  purchased from the Town several years ago.  At the time of

21  purchase, the Town informed Debtor that the property was part

22  of a planned employment center district with various use

23  restrictions and which was intended to have a mix of office,

24  commercial, and residential usage.

25      At the time, Debtor's stated intention was to

1  develop the property as an employment center, including

2  office, light industrial, other business space, together with

3  retail and residential space.  Debtor now seeks to sell the

4  property to an unrelated third party, Warfield Senior Housing

5  G.P., LLC, who intends to develop the property into a senior

6  housing project.

7       To that end, the buyer is afforded an almost two-

8  year period within which it may seek conditional use approval

9  from the Board of Zoning Appeals, approval from the Planning

10 Commission, and the Historic District Commission of the

11 preliminary site plan and a fully approved and recorded final

12 site plan.

13      The contract provides that the buyer, who will make

14 a $100,000 deposit shortly after the Court's approval of the

15 contract, and an additional deposit of 100,000 shortly before

16 buyer -- shortly after buyer obtains the various government

17 approvals.

18      The Town holds the lien against the property in the

19 approximate amount of $1,100,000.  The Town objects the

20 Debtor's sale of the property arguing that the sale is

21 unlikely to close and will delay a realistic disposition of

22 the property for nearly two years.

23      Section 363(b) and 1107(a) authorize debtors in

24 possession to sell property of the estate outside of the

25 ordinary course of business.  To obtain court approval, the

nm                                                                    6

1    sale must be in the best interest of the estate, In re:

2    Pleasantview Swimming Pool Association, Inc., 2007 Westlaw,

3    1063014, Bankruptcy, District of Maryland, March 2007.  The

4    factors the Court must find for approval of a sale are a sound

5    business reason justifying the sale, adequate and reasonable

6    notice of the sale to all parties, that the sale had been

7    proposed in good faith, and the purchase price is fair and

8    reasonable.

9         Rose v. Logan, 2014 Westlaw, 1236008, District of

10   Maryland, March 25, 2014.  Here, the town's objection to the

11   sale focuses primarily on whether debtor has a sound business

12   reason justifying the sale.  The Town does not dispute and the

13   Court finds that Debtor gave adequate and reasonable notice of

14   the proposed sale to all parties in interest.  The Town does

15   not claim that the purchase price, in isolation, is not fair

16   and reasonable, and the Court finds that it is.

17        As to the Debtor's good faith, the Town also does

18   not call it into question independently, but raises it in

19   connection with its primary argument that Debtor lacks a sound

20   business reason for the sale.

21        At the hearing, Debtor's manager, Steven McCleaf

22   testified reliably and credibly regarding, among other things,

23   the contract, the buyer, Debtor's marketing efforts, his

24   experience in commercial real estate development, and Debtor's

25   relationship with the Town.

nm
7

1       Additionally, the Court heard testimony from the

2 Town's manager, Joe Cosentini, regarding the Warfield Project

3 and the planned employment center zoning.  Debtor and/or its

4 predecessor in interest have expended considerable effort

5 marketing the property for years through traditional as well

6 as more creative means, including hiring a realtor,

7 maintaining a marketing website, posting on social media, and

8 mining professional relationships.  Debtor has actively and

9 adequately marketed the property.

10       In spite of its effort, Debtor has, until relatively

11 recently, had little apparent success in finding a well suited

12 buyer.  Debtor's efforts were ultimately rewarded by obtaining

13 a substantial offer from the buyer of more than $5 million,

14 more than three times the value of the Town's lien, and all

15 other claims against the estate.

16       The buyer has a long road to hoe before it will be

17 willing and able to close on the proposed sale of the

18 property.

19       However, this Court need not split hairs determining

20 the exact probability of buyer's success in obtaining all

21 necessary government approvals to proceed on its planned

22 development of the property.  It is sufficient that Debtor has

23 a sound business reason for pursuing this path.  And the Court

24 finds that it does.

25       Meeting zoning approvals or even changes, is not out

1   of the ordinary to commercial real estate development.

2   Neither buyer -- neither Debtor nor buyer is unaware of the

3   hurdles that buyer must clear over the next year or two.  In

4   fact, most of the hurdles are laid out within the contract

5   itself.  The buyer is not merely stringing Debtor and Town

6   along over two years.  The buyer will be expending significant

7   effort -- in capitals -- in hopes of closing on this sale.

8           Buyer is poised to spend at least a million

9   performing due diligence and seeking necessary approvals to

10  move forward with its purchase of the property.  To be sure

11  there is a risk the buyer will not succeed in obtaining the

12  necessary government approvals.

13          However, business ventures always entail calculated

14  risk, and commercial real estate development is no different.

15          It does not appear that Debtor is seeking to

16  unfairly shift risk from itself or the buyer onto the Town or

17  other creditors.  Nothing before the Court suggests that the

18  Town or other creditors of the estate will be subject to any

19  harm or substantial risk of loss over the two-year due

20  diligence period.  Debtor's risk in accepting the contract is

21  reasonable and Debtor has a sound good faith business reason

22  for doing so.

23          Even Mr. Cosentini testified that he did not know

24  whether the Town would approve or disapprove the buyer's

25  proposal given the sales price and the extent to which it

nm                                                                          9

1   exceeds the Town's lien as well as all claims against the

2   estate, it is reasonable to assume the Debtor could sell the

3   property at a discount rate with little to no due diligence

4   period or other contingencies, would still pay all

5   claims in full.

6           However, Debtor is not obliged to sell the property

7   as quickly as possible, and Mr. McCleaf articulated rational

8   sound business reasons for accepting this contract.

9           Section 363(f) allows for sales in the estate of

10  property free and clear of liens and encumbrances only if

11  certain circumstances are satisfied.  Whereas here, the

12  interesting question is a lien, the Debtor in possession, may

13  sell the property free and clear of such lien if the price at

14  which such property is to be sold is greater than the

15  aggregate value of all liens on such property.

16          Here, the sales price is significantly greater than,

17  not only, the Town's lien, but also all claims against the

18  bankruptcy estate.  As such, the Court finds and concludes the

19  Debtor's proposed sale free and clear of liens under Section

20  363(f) is approved.  The Town's lien will attach to the

21  proceeds.  And as requested in the motion, the stay pursuant

22  to 6004(h) is lifted.

23          And I would ask Mr. Lichtenstein to prepare an order

24  consistent with this ruling.

25          MR. LICHTENSTEIN:  Will do, Your Honor.  Thank you.

1       THE COURT:  Thank you and I appreciate all your time

2  and effort.  And I will see you all at the next hearing.

3       MR. SWALLOW:  Thank you, Your Honor.

4       MR. LICHTENSTEIN:  Thank you, Your --

5       MR. RAUCH:  Thank you, Your Honor.

6       MR. LICHTENSTEIN:  Thank you.

7       MR. SWALLOW:  Next --

8       THE CLERK:  We are adjourned.

9     (Whereupon, at 10:12 p.m., the proceeding was concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  KEYNOTE:  "*" indicates phonetic spelling in the transcript.

nm                                                                11

<u>C E R T I F I C A T E</u>

      I hereby certify that the foregoing is a correct transcript from the provided electronic sound recording of the proceedings in the above-entitled matter.

*/s/ Noemy Martinez  10/28/2024*
Noemy Martinez            Date
Transcriber, CompuScribe