**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case Nos. 24-12500; 24-12506; 24-12504** |
| **WARFIELD HISTORIC** | ) | **24-12508; 24-12511** |
| **PROPERTIES, LLC,** *et al.*, | ) | |
| | ) | **(Jointly Administered Under** |
| **Debtors.** | ) | **Case No. 24-12500)** |
| | ) | **Chapter 11** |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEBTORS' OPPOSITION TO TOWN OF SYKESVILLE'S**
**MOTION FOR ABSTENTION**

    Warfield Historic Properties, LLC, Warfield Historic Quad, LLC, Warfield Center, LLC, Warfield Properties, LLC, and Warfield Restorations, LLC (collectively, the "Debtors"), by and through their undersigned counsel, hereby oppose the Motion of the Town of Sykesville (the "Town") for Abstention with Respect to State Law Disputes Underlying Debtors' Objection to Claims (the "Motion for Abstention"). While the relief requested by the Town in its Motion for Abstention differs, much of the Town's argument mirrors the arguments the Town previously advanced in its Motion for Relief from Stay filed on December 20, 2024 [Doc. 147] (the "Motion for Relief"). As stated in the Debtors' opposition thereto, and re-stated herein, resolution of the Town's claims in a timely manner in this Court is critically important to the Debtors' ability to reorganize. Accordingly, Debtors oppose the Town's Motion for Abstention, and state as follows:

**I.     BACKGROUND**

    1.     On March 26, 2024 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a), 1108, and 1184 of the Bankruptcy Code.

2.      Prior to the Petition Date, on May 25, 2023, the Town filed a lawsuit against Warfield Historic Properties, LLC and Warfield Historic Quad, LLC (the "State Court Defendants") in the Circuit Court for Carroll County, in Case No. C-06-CV-23-000249 (the "Lawsuit") seeking specific performance related to the Parcel D Preservation Agreement (the "Preservation Agreement") and Reversion Agreement (the "Reversion Agreement") previously entered into between the Town and the State Court Defendants.

3.      On August 18, 2023, the State Court Defendants filed a counterclaim against the Town in the Lawsuit, alleging, *inter alia*, that the Town breached an implied duty of good faith and fair dealing.

4.      As of the Petition Date, neither the discovery deadline nor the dispositive motions deadlines had passed in the Lawsuit. Further, there had been no substantive briefing, argument, or ruling by the state court. As the Town has acknowledged, there is still outstanding discovery, including depositions, that needs to be completed in addition to dispositive motions and a trial if necessary.

5.      In fact, the only hearings in the Lawsuit that occurred prior to the Petition Date related to the Town's motions to quash subpoenas that the State Court Defendants served on non-parties.

6.      In the above-captioned case, the Debtors filed their schedules on April 9, 2024. *See* Docs. 24-28.

7.      On September 20, 2024, the Town filed seven proofs of claim. *See* Claims 7-13 (the "Disputed Claims").

8.      The Town filed Claims 7, 8, 9, and 10 as secured claims each in the amount of $1,176,001.45. *See* Claims 7-10.

9.    The Town amended its Claim 11 on September 23, 2024. Claim 11 is for $1,176,001.45, $570,000.00 of which is secured. *See* Claim 11.

10.    The Town filed Claims 12 and 13 as unsecured claims in the amount of $0.00. *See* Claims 12, 13.

11.    On January 3, 2025, the Debtors filed an Objection to Allowance of Claims filed by the Town of Sykesville [Doc. 150] (the "Claims Objection").

12.    While the Town's Motion for Abstention is directly related to the Debtors' filing of the Claims Objection, several other motions at issue in the above-captioned case are also intertwined with the underlying dispute contained in the Lawsuit and the Claims Objection, including, *inter alia*, the Town's Motion to Estimate and Allow for Voting Purposes the Town's Claims Based on Pre-Petition Breach of Preservation Agreement and Reversion Agreement [Doc. 146], the Town's Motion for Relief [Doc. 147], and the Debtors' Motion for an Order Approving and Authorizing Rejection of Consolidated Executory Contract [Doc. 162].

13.    Thus, resolution of the Disputed Claims is the subject of several motions before this Court and constitutes a core proceeding pursuant to 11 U.S.C. 157.

## II.    ARGUMENT

### A.    This Court Should Not Abstain From Hearing the Claims Objection Pursuant to 28 U.S.C. § 1334(c)(1)

"The Supreme Court has directed federal courts to narrowly construe requests for discretionary abstention, and to abstain in favor of a state court's adjudication of a matter only in 'exceptional circumstances,' when to abstain 'would clearly serve an important countervailing interest.'" *Foxwood Hills Prop. Owners Ass'n Inc. v. 783-C, LLC (In re Foxwood Hills Prop. Owners Ass'n)*, Adv. Pro. No. 20-80049-hb, 2021 Bankr. LEXIS 1219, *30, 2021 WL 1812668, (Bankr. D.S.C. May 5, 2021) (quoting *Colorado River Water Conservation Dist. v. United States*,

3

424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed 2d 483 (1976)). A true and correct copy of *Foxwood Hills Prop. Owners Ass'n Inc. v. 783-C, LLC (In re Foxwood Hills Prop. Owners Ass'n)* is attached hereto as **Exhibit 1**. In fact, "'[m]ost courts find that abstention should only occur when the outcome of the litigation would not significantly affect estate administration, state law issues predominate, and the matter is non-core.'" *Foxwood Hills Prop. Owners Ass'n Inc. v. 783-C, LLC (In re Foxwood Hills Prop. Owners Ass'n)*, 2021 Bankr. LEXIS 1219 at *30 (quoting *Morgantown Excavators, Inc*., No. 12-1473, 2013 Bankr. LEXIS 3760, 2013 WL 4829165, at *3).

In determining whether permissive abstention is appropriate, Bankruptcy Courts in the Fourth Circuit often apply a twelve-factor test. *Ardan Dev. Corp. v. Touhey (In re Newell)*, 424 B.R. 730, 735-36 (Bankr. E.D.N.C. 2010); *See also Power Plant Entertainment Casino Resort Indiana, LLC v. Mangano*, 484 B.R. 290, 299 (Bankr. D. Md. 2004). Those factors include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Ardan Dev. Corp. v. Touhey (In re Newell)*, 424 B.R. at 735-36.

With respect the first factor, efficient administration of the Debtors' estate, the Town asserts that, "the Lawsuit was actively litigated for nearly a year before the Debtors commenced this case." *See* Motion to Abstention at ¶ 26. However, despite the existence of the Lawsuit, the parties were not "actively" litigating as the Town suggests. Rather, there had been no substantive briefing, argument, or ruling by the state court on the merits of the Lawsuit.

Neither the discovery deadline nor the deadline to file dispositive motions had passed and discovery had not been completed. As stated by the Debtors in their opposition to the Town's Motion for Relief, there are still at least four significant depositions that must be taken. There could be dispositive motions filed. Resolution of the Disputed Claims in this Court would promote efficient administration of Debtors' estates because several of the pending motions relate to the underlying disputes at issue in the Lawsuit. Alternatively, should this Court abstain from adjudicating the Claims Dispute, the Debtors will be unable to move forward with any substantial progress in this case.

The second and third factors similarly weigh in favor of denying abstention. While some of the claims at issue in the Lawsuit are arguably state law claims, such claims do not present any novel, complex, or unsettled areas of the law that this Court would be unable to adjudicate. *See e.g. Ardan Dev. Corp. v. Touhey (In re Newell)*, 424 B.R. 730, 733-34 (Bankr. E.D.N.C. 2010) (denying creditor's motion for abstention related to state court complaint filed against debtor for breach of contract, quantum meruit, and unjust enrichment, and finding that "[d]espite the fact that the plaintiffs' causes of action are based on state law, the matters neither present complex or unsettled issues of state law . . . ."); *See also Sparrow v. Drew (In re Sparrow)*, A.P. No. 16-00037-5-DMW, 2016 Bankr. LEXIS 2819, *6-7 (Bankr. E.D.N.C. Aug. 4, 2016) (denying creditor's motion for abstention related to state court complaint filed against debtor for divorce and equitable distribution, and debtor's counterclaim for post-separation support, alimony, and attorneys' fees, and stating that "[w]hile equitable distribution and support actions are generally matters of state law and can present complex issues, this court is qualified and not prohibited from handling these matters."). A true and correct copy of *Sparrow v. Drew (In re Sparrow)* is attached hereto as **Exhibit 2**.

5

As the Debtors stated in their opposition to the Town's Motion for Relief, and as quoted by the Town in its Motion for Abstention, the Town's complaint was a basic breach of contract complaint against the State Court Defendants, and the counterclaims were based on the Town's breach of its duty of good faith and fair dealing[1]. *See* Motion for Abstention at ¶ 27. Contrary to the Town's assertion, this Court can competently and efficiently adjudicate these claims.

With respect to the fourth and fifth factors, the Lawsuit was commenced in state court prior to the initiation of the above-captioned case and the Debtors concede that there is not an independent jurisdictional basis for the Lawsuit to be heard in federal court. Nevertheless, by filing claims within the Debtors' bankruptcy case, the Town has "consent[ed] to the equitable jurisdiction of the bankruptcy court." *Ardan Dev. Corp. v. Touhey (In re Newell)*, 424 B.R. 730, 734 (Bankr. E.D.N.C. 2010).

The Town attempts to minimize the relevance of the sixth factor, relatedness or remoteness to the bankruptcy, by merely asserting that the Claims Objection is the "only respect in which the underlying dispute is related to the bankruptcy cases." *See* Motion to Abstention at ¶ 31. However, it cannot be understated that the resolution of the Debtors' objection to the Town's Disputed Claims and the claims set forth in the Adversary Proceeding are intricately intertwined with the claims at issue in the Lawsuit.

The Town concedes as much, as the Town stated in its Motion for Relief, that "resolution of the Debtors' disputes concerning the Town's claims will concern the same facts, circumstances, claims, defenses and counterclaims that have been the subject of the Lawsuit." *See* Motion for Relief at 6-7. Whether the Town has valid claim(s) against the Debtors, in what amounts those claim(s) are, and whether such claim(s) are secured and/or unsecured, will

---

[1] Earlier this week, all of the Debtors filed an Adversary Proceeding against the Town, alleging, breach of duty of good faith and fair dealing. Tortious interference and false light.

directly affect the determination of the Debtors' ability to reorganize and propose a confirmable plan.  Further, the Disputed Claims relate to real property owned by the Debtors. Accordingly, resolution of the Disputed Claims has a direct impact on property of the Debtors' estates.  Bankruptcy Courts have denied motions for abstention in cases where the Court found that forfeiting control over an asset of the Debtors' that represents a substantial portion of the Debtors' estate would "paralyze" the Debtors' ability to reorganize. *See* e.g. *Sparrow v. Drew (In re Sparrow)*, 2016 Bankr. LEXIS 2819, \*6.

Relatedly, the seventh factor, substance rather than form, also weighs heavily in favor of denial of the Town's Motion for Abstention. Resolution of the Debtors' Claims Objection is essential to the Debtors' ability to reorganize and propose a confirmable plan. Such a proceeding that determines the "nature and extent" of a debtor's liability under a creditor's claim is "the epitome" of a core proceeding.  *Ardan Dev. Corp.*, 424 B.R. at 736. Further, as there are several motions pending before this Court that all rely on the resolution of the Claims Objection, such a proceeding is undoubtedly a core proceeding in substance.

The fact that resolution of such motions all rely on the full adjudication of the Claims Objection highlights how the eighth and ninth factors, severability of the claims and burden on the bankruptcy court, also weigh in favor of denial of the Town's Motion for Abstention. Due to the fact that several motions before this Court will depend on the outcome of the Claims Disputes, it is likely that this Court's abstention would result in duplication of effort. The Lawsuit was previously pending in the state court for ten months prior to the initiation of the above-captioned case. During that time, no substantial progress in the resolution of the Lawsuit was made. There is no evidence that this Court would be unduly burdened by exercising

jurisdiction over the Claims Objection, and it is likely that this Court will be able to adjudicate the Claims Objection much more efficiency than the state court would be able to.

The tenth, eleventh, and twelfth factors are not at issue in this case, and should not weigh into this Court's analysis of whether to abstain from hearing the Claims Objection. The Debtors filed for relief under Chapter 11 due to a legitimate need for debt relief and in a good-faith effort to reorganize. Further, the Lawsuit does not involve a jury trial, and the parties involved in the Lawsuit are actively engaged in the above-captioned case.

The "'fundamental purpose' of chapter 11 is to 'centralize all disputes concerning [a debtor's legal obligations] so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other areas.'" *Ardan Dev. Corp. (In re Newell)*, 424 B.R. at 733-34 (*quoting Phillips v. Congelton, L.L.C. (In re White Mountain Mining Co.*), 403 F.3d 164, 170 (4th Cir. 2005)). As an overwhelming majority of the factors weigh heavily in favor of denial of the Town's Motion for Abstention, this Court should not abstain from hearing the Claims Objection pursuant to 28 U.S.C. § 1334(c)(1) and should deny the Motion to Abstain.

     **B.**    **This Court Should Not Abstain From Hearing the Claims Objection Pursuant to 28 U.S.C. § 1334(c)(2)**

Mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2), "prevents a federal court from 'hearing a non-core matter which can be timely adjudicated in state court in a previously commenced action." *Ardan Dev. Corp. (In re Newell)*, 424 B.R. at 733-34 (quoting *Seascape at Wrightsville Beach, LLC v. Mercer's Enterprises Inc. (In re Mercer's Enterprises, Inc.)*, 387 B.R. 681, 684 (Bankr. E.D.N.C. 2008)). A federal court must abstain from hearing a proceeding if: (1) a timely motion is filed, (2) the proceeding is based on a state law claim or cause of action, (3) the "proceeding is 'related to' a bankruptcy case, but does not 'arise under' Title 11 or 'arise in' a case under Title 11", (4) the proceeding could not have originally been brought in a federal court, (5)

the action was pending when the bankruptcy was filed, and (6) the action can be timely adjudicated in state court. *Ardan Dev. Corp. v. Touhey (In re Newell)*, 424 B.R. at 734. Notwithstanding the forgoing, a bankruptcy court is "not required to abstain if the matter is a core proceeding 'arising under' Title 11 or 'arising in' a case under Title 11." *Id.*

A "core proceeding 'arises in' a case under Title 11 when the proceeding 'would have no practical existence *but for* the bankruptcy.'" *Id.* (quoting *Valley Historic Ltd. Partnership v. Bank of New Yor*k, 486 F.3d 831, 838 n.2 (4th Cir. 2007)). The allowance or disallowance of a claim is designated as a core proceeding. *Id.* Therefore, even when a bankruptcy court would not normally have jurisdiction over certain proceedings that were originally filed in state court, "it has core jurisdiction over related proofs of claim filed against the bankruptcy estate. The process of allowing or disallowing those claims is 'core' because that process can only arise in the context of bankruptcy." *Ardan Dev. Corp. v. Touhey (In re Newell)*, 424 B.R. at 735.

The Claims Objection is undoubtedly a core proceeding as it relates to the allowance or disallowance of the Town's Claims. The Claims Objection can only arise in the context of bankruptcy. Thus, the Town's argument with respect to mandatory abstention is without merit. Further, the phrasing of the Town's request emphasizes that mandatory abstention is neither required nor proper in this case. While mandatory abstention is just that, mandatory, the Town merely states that "the Court *could* consider" mandatory abstention under 28 U.S.C. § 1334(c)(2) (Emphasis added). *See* Motion at ¶ 39. The Town further states, "[*i*]f the underlying disputes between the parties were severed . . . *then* mandatory abstention would apply  . . ." *See* Motion at ¶ 40. However, these are not the facts of the case. The underlying disputes between the Debtors and the Town cannot be severed from the Debtors' Bankruptcy case, as resolution of the claims will directly impact the Debtors' liability to the Town and the Debtors' ability to propose a

confirmable plan. Therefore, this Court should not abstain from hearing the Claims Objection pursuant to 28 U.S.C. § 1334(c)(2).

### III.    CONCLUSION

This Court should not abstain from hearing the Claims Objection pursuant to 28 U.S.C. § 1334(c)(1), as an overwhelming majority of the twelve factors weigh heavily in favor of denying abstention. The resolution of the Claims Objection would significantly impact the Debtors' ability to reorganize and the matter constitutes a core proceeding that should be adjudicated by this Court. Similarly, this Court should not abstain from hearing the Claims Objection pursuant to 28 U.S.C. § 1334(c)(2). The process of allowing or disallowing claims against the Debtors' estate is a core proceeding because such process can only arise in the context of a bankruptcy case. Accordingly, the Town's Motion for Abstention should be denied.

**WHEREFORE**, the Debtors respectfully request that this Honorable Court deny the Town's Motion for Abstention, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**SHULMAN ROGERS, P.A.**

By:    /s/ Michael J. Lichtenstein
Michael J. Lichtenstein (Bar No. 05604)
Benjamin P. Smith (Bar No. 17680)
Rebekah F. Paradis (Bar No. 30948)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:    (301) 230-5231 (Lichtenstein)
(301) 230-5241 (Smith)
(301) 230-5257 (Paradis)
FAX:    (301) 230-2891
Email:  mjl@shulmanrogers.com
bsmith@shulmanrogers.com
rparadis@shulmanrogers.com

*Attorneys for Debtors*

10

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that on the 14th day of February, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the **Debtors' Opposition to Sykesville's Motion for Abstention** and proposed **Order** was served electronically by the Court's CM/ECF system on the following:

| | |
|---|---|
| Lynn A. Kohen | lynn.a.kohen@usdoj.gov |
| Robert B. Scarlett | RScarlett@ScarlettCroll.com |
| Bradley J. Swallow | bswallow@fblaw.com |
| US Trustee - Greenbelt | USTPRegion04.GB.ECF@USDOJ.GOV |

I **FURTHER HEREBY CERTIFY** that copies of the foregoing the **Debtors' Opposition to Sykesville's Motion for Abstention** and proposed **Order** were mailed, postage prepaid this 14th day of February, 2025, to:

    20 Largest Unsecured Creditors on the attached List

    /s/ Michael J. Lichtenstein
    Michael J. Lichtenstein

Absolute Landscape & Turf Services,
Inc.
4781 Ten Oaks Road
Dayton, MD 21036

Craver, Grothe, and Cox
303 West State Street
Centerville, OA 52544

Intelligent Office
1 Research Court, Suite 450
Rockville, MD 20854

Joseph Greenwald Laake, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

Langley Realty Partners LLC
7954 Blitz Court
Dunn Loring, VA 22027

Perry, White, Ross and Jacobson
54 State Circle
Annapolis, MD 21401

Rosen Hoover
Sykes Brown, P.A.
300 Redland Court, Ste 203
Owings Mills, MD 21117

Sudow Kohlhagen, LLP
1000 Maine Avenue SW, Ste 325
Washington, DC 20024

Support Unlimited Inc,
212 Braeburn Drive
Walkersville, MD 21793

Waldon Studio Architects
31 Light Street, Ste 500
Baltimore, MD 21202

Warfield Land Condominium, Inc.
c/o HPS Management
424 N. Union Avenue
Havre De Grace, MD 21078

Warfield Property Owners Assoc.
c/o HPS Management
424 N. Union Avenue
Havre De Grace, MD 21078