

**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | * | Case Nos. 24-12500; 24-12504; 24-12506; 24-12508; 24-12511 |
| **WARFIELD HISTORIC PROPERTIES, LLC,** *et al.*, | * | (Chapter 11) |
| | * | **Jointly Administered Under Case No. 24-12500-LSS** |
| Debtors. | * | (Chapter 11) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATION AND CONSENT ORDER FIXING PROCEDURES AND DEADLINES IN DEBTORS' JOINTLY ADMINISTERED CASES

The Town of Sykesville (the "Town"), and Warfield Historic Properties, LLC, Warfield Historic Quad, LLC, Warfield Center LLC, Warfield Properties, LLC, and Warfield Restoration, LLC (collectively, the "Debtors"), by their respective undersigned counsel, hereby stipulate and agree as follows:

A. On March 26, 2024 (the "Petition Date"), the Debtors filed the above-captioned, jointly administered chapter 11 cases;

B. Prior to the Petition Date, the parties engaged in litigation in the Circuit Court for Carroll County, Maryland, in the case styled *Town of Sykesville v. Warfield Historic Properties,*

*LLC, et al.*, Circuit Court for Carroll County, Case No. C-06-CV-23-000249 (the "Lawsuit). In the Lawsuit, the Town alleges that the debtors materially breached a certain Parcel D Preservation Agreement and Parcel D Reversion Agreement, entitling the Town, *inter alia*, to specific performance in the form of the reversion to the Town of title to certain Parcel D units presently titled to debtors Warfield Historic Properties, LLC and Warfield Historic Quad, LLC, turnover of certain escrowed funds and other relief. In their answer to the Town's complaint, the debtor defendants, *inter alia*, denied the allegations and asserted a counterclaim;

  C. On February 11, 2025, the Debtors commenced an adversary proceeding styled *Warfield Historic Properties, LLC, et al. v. Town of Sykesville*, Adv. No. 25-00042 (the "Adversary Proceeding"). In the Adversary Proceeding, the Debtors allege that the Town breached an implied duty of good faith and fair dealing, along with certain other claims. To defend the Adversary Proceeding, the Town necessarily would raise claims against the Debtors predicated on the breach of the Preservation and Reversion Agreements referenced above;

  D. The Debtors have proposed a joint amended plan of reorganization (Docket 131) ("Plan"). A confirmation hearing presently is scheduled for 10:00 a.m. on April 10, 2025;

  E. Numerous open matters must be resolved in these cases, all of which depend on an adjudication of the parties' claims and defenses first raised in the Lawsuit. These matters include (i) The Town's motion for relief from the stay to pursue the Lawsuit in the Circuit Court (Docket 147) (the "Lift-Stay Motion") and Debtors' opposition thereto (Docket No. 152); (ii) the Town's motion to estimate claims for purposes of voting on the Plan (Docket 146) (the "Motion to Estimate") and Debtors' opposition thereto (Docket No. 151); (iii) the Debtors' objection to the Town's claims (Docket 150) (the "Claim Objection") and Town's opposition thereto (Docket No. 163); (iv) the Debtors' motion to reject certain agreements, including the Preservation and

Reversion Agreements described above (Docket 162) (the "Motion to Reject") and the Town's opposition thereto (Docket No. 166); (v) the Town's motion for abstention with respect to the disputes underlying the Debtors' objection to claims (Docket 164) (the "Motion to Abstain") and Debtors' opposition thereto (Docket No. 169);

  F. By the Court's prior Orders (Dockets 157, 173), the Court scheduled the Lift-Stay Motion and Motion to Estimate for hearing at 10:00 a.m. on March 20, 2025, and fixed the time for the Town to object to confirmation of the Plan for March 3, 2025.

  G. To facilitate the orderly and timely resolution of the matters described above, the parties have agreed that the claims and defenses between and among the Debtors and the Town should be resolved before proceeding further with respect to the Plan and the motions, objections and responses of the parties described above.

  WHEREFORE, on the basis of the foregoing, the Court having heard the parties' positions with respect to these matters during a virtual status conference on March 3, 2025, and for cause, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

  ORDERED, the hearings presently set for 10:00 a.m. March 20, 2025, to consider the Lift-Stay Motion and Motion to Estimate, and for 10:00 a.m. on April 10, 2025, to consider confirmation of the Plan shall be, and hereby are, postponed indefinitely pending a resolution of the above-described disputes between and among the Town and the Debtors and subsequent further Order of this Court; and it is further

  ORDERED, that the Adversary Proceeding shall proceed as the forum in which the Town and the Debtors may pursue their respective claims and defenses against one another; and it is further

ORDERED, that the initial pretrial conference in the Adversary Proceeding, presently scheduled for 10:00 a.m. on April 9, 2025, is hereby postponed to the date and time set forth at the top of this Stipulation and Consent Order; and it is further

ORDERED, that the Town's time to file an answer or other response to the Complaint in the Adversary Proceeding is hereby extended until and including April 15, 2025; and it is further

ORDERED, that the Town's time to object to confirmation of the Plan and the Debtors' time to file an Amended Objection to the Town's claims are hereby postponed to a date to be determined by the Court following the conclusion of the Adversary Proceeding in connection with the fixing of a schedule to consider confirmation of the Plan; and it is further

ORDERED, that, pending further Order of the Court, the Lawsuit shall remain pending subject to the automatic stay of 11 U.S.C. § 362(a), and consideration of the Lift-stay Motion, Motion to Estimate, Claims Objection, Motion to Reject, and Motion to Abstain shall be postponed pending a resolution of the Adversary Proceeding, with further hearings and briefing schedules with respect to those matters to be determined by the Court to the extent necessary after the conclusion of the Adversary Proceeding; and it is further

ORDERED, that, notwithstanding the indefinite postponement of the matters described above, the Debtors may file a motion seeking authority to obtain debtor-in-possession financing, and the Town reserves the right to oppose such a motion.

| /s/ *Michael J. Lichtenstein* | /s/ *Bradley J. Swallow* |
|---|---|
| Michael J. Lichtenstein, Esquire | Bradley J. Swallow, Esquire (Bar No. 11250) |
| (Bar No. 05604) | FUNK & BOLTON, P.A. |
| SHULMAN ROGERS, P.A. | 100 Light Street, Suite 1400 |
| 12505 Park Potomac Avenue, Sixth Floor | Baltimore, Maryland 21202 |
| Potomac, Maryland 20854 | 410.659.8320 (telephone) |
| Telephone (301) 230-5231 | 410.659.7773 (facsimile) |
| mjl@shulmanrogers.com | bswallow@fblaw.com |
| *Counsel for the Debtors* | *Counsel for The Town of Sykesville* |

**CERTIFICATION OF ORIGINAL SIGNATURES**

I HEREBY CERTIFY that the signatures represented by /s/ on this paper reference the signatures of consenting parties on the original Stipulation and Consent Order.

                                      /s/ Bradley J. Swallow
                                      Bradley J. Swallow

cc:     Lynn A. Kohen, Esquire
         Office of the United States Trustee
         6305 Ivy Lane, Suite 600
         Greenbelt, Maryland 20770

         Michael J. Lichtenstein, Esquire
         SHULMAN ROGERS, P.A.
         12505 Park Potomac Avenue, Sixth Floor
         Potomac, Maryland 20854

         Bradley J. Swallow, Esquire
         FUNK & BOLTON, P.A.
         100 Light Street, Suite 1400
         Baltimore, Maryland 21202

         All other parties receiving electronic notification pursuant to CM/ECF